UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

MARVIN YOVANY CABRERA CABRERA      :
                                                                     :
     Plaintiff                                              :
                                                                     :
v.                                                                   :     Case No.:
                                                                     :
UNITED STATES CITIZENSHIP AND           :
IMMMIGRATION SERVICES; KIRSTJEN       :
NIELSEN, Secretary of the Department of      :
Homeland Security; L. FRANCIS CISSNA,      :
Director of the United States Citizenship and  :
Immigration Services; RON ROSENBERG,     :
Chief, Administrative Appeals Unit; KIMBERLY  :
ZANOTTI, Field Office Director of the            :
Virginia-Washington Field Office of USCIS    :

## COMPLAINT

     NOW COMES Plaintiff Marvin Yovany Cabrera Cabrera and complains of the Defendants as follows:

## NATURE OF THE ACTION

1.     Plaintiff Marvin Yovany Cabrera Cabrera brings this action to challenge the revocation of his I-360, Petition for Special Immigrant Juvenile, under Section 101(a)(27)(J) of the Immigration and Nationality Act ("INA") as well as the denial of his I-485, Application to Register Permanent Residence or Adjust Status, under Section 245 of the INA.  Defendant United States Citizenship and Immigration Services ("USCIS") and the Defendants acting on behalf of USCIS revoked Mr. Cabrera's I-360 approval and denied his I-485 petition because he did not file the Form I-360 before his 21st birthday, as required under 8 C.F.R. 204.1(b).  Mr. Cabrera seeks a declaration that the Defendants' decisions violated the Administrative Procedure Act because they were arbitrary and capricious.  Mr. Cabrera also asks the Court to declare that the Defendants' decisions to revoke the approval of the I-360 petition and deny the approval of the I-485 petition violates the Equal Protection and Due Process guarantees of the United States Constitution.  As a result of Defendants'

improper acts, the Court should order Defendants to reinstate Mr. Cabrera's initial I-360 approval and re-adjudicate his I-485 petition.

## JURISDICTION

2.      This court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331, as this is a civil action arising under the Constitution, laws, or treaties of the United States.  This Court also has subject matter jurisdiction pursuant to 28 U.S.C. §2201, as this is a civil action seeking, in addition to other remedies, a declaratory judgment.

3.      The Administrative Procedure Act ("APA") provides a waiver of sovereign immunity as well as a cause of action.  5 U.S.C. §702.

## STANDING

4.      The APA affords a right of review to a person who is "adversely affected or aggrieved by agency action." 5 U.S.C. §702.  Defendants' improper revocation of Mr. Cabrera's I-360 approval and denial of his I-485 petition have adversely affected Mr. Cabrera's ability to obtain legal status in the United States.  Mr. Cabrera thus falls within the APA's standing provisions.

## VENUE

5.      Venue is proper in this district pursuant to 28 U.S.C. §1391(e)(1), because Mr. Cabrera resides in this district, and no real property is involved in this action.

## PARTIES

6.      Plaintiff Marvin Yovany Cabrera Cabrera is a national and citizen of El Salvador and was born on December 9, 1993.  He last entered the United States on August 6, 2012.  On December 8, 2014, the Circuit Court of Maryland for Prince

2

George's County made a finding that he is a Special Immigrant Juvenile ("SIJ"), within the meaning of §101(a)(27)(J) of the INA.

7.     Defendant United States Citizenship and Immigration Services is a bureau within the Department of Homeland Security ("DHS") and is responsible for the administration and enforcement of the Immigration and Nationality Act and all other laws relating to the immigration and naturalization of non-citizens.

8.     Defendant Kirstjen Nielsen is the Secretary of DHS.  The Homeland Security Act of 2002, Pub.L. 207-296, created DHS to perform the duties of the Immigration and Naturalization Service.  Secretary Nielsen's responsibilities are set forth in 8 U.S.C. §§1103(a)(1)-(3), among which are:  to administer and enforce the Immigration Act and all other laws relating to the immigration and naturalization of aliens; to control, direct and supervise all employees; to establish such regulations, issue such instructions, and perform such other acts deemed necessary for carrying out her authority; and to require any employee of the Service or the Department of Justice to perform or exercise any of the powers, privileges, or duties conferred or imposed by this Act or regulations issued thereunder upon any other employee of the Service.  Ms. Nielsen is sued in her official capacity.

9.     Defendant L. Francis Cissna is the Director of USCIS, a position created by Section 451 of the Homeland Security Act.  Pursuant to Section 451 of the Homeland Security Act, Defendant Cissna administers the provisions of the Immigration Act through his agents and officials of USCIS, which functions were previously performed by the Commissioner and District Directors of the Immigration and Naturalization Service.  He oversees the operations of personnel of USCIS, who adjudicate visa petitions filed by or on behalf of aliens, applications for permanent

residency status, and appeals from any action denying such petitions.  Mr. Cissna is
sued in his official capacity.

10.    Defendant Ron Rosenberg is chief of the Administrative Appeals Unit of
USCIS, which is an office authorized by 8 C.F.R. §1003(a)(1)(iv) under the appellate
jurisdiction of the Associate Commissioner of Examinations to review actions of
USCIS.  Mr. Rosenberg is sued in his official capacity.

11.    Defendant Kimberly Zanotti is the Field Office Director of the Virginia-
Washington Field Office of USCIS, located in Fairfax, Virginia.  She has authority to
adjudicate Form I-360, Petition for Special Immigrant Juvenile, and Form I-485,
Application to Register Permanent Residence or Adjust Status.  Ms. Zanotti is sued in
her official capacity.

## LEGAL BACKGROUND

12.    Section 204(a)(1)(G) of the INA allows an individual to self-petition for SIJ
classification.  Section 101 (a)(27)(J) of the INA defines a SIJ as:

> An immigrant who is present in the United States –
>
> (i)    who has been declared dependent on a juvenile court
> located in the United States or whom such a court has
> legally committed to, or placed under the custody of, an
> agency or department of a State, or an individual or
> entity appointed by a State or juvenile court located in
> the United States, and whose reunification with 1 or
> both of the immigrants parents is not viable due to
> abuse, neglect, abandonment, or a similar basis found
> under State law;
>
> (ii)   for whom it has been determined in administrative or
> judicial proceedings that it would not be in the alien's
> best interest to be returned to the alien's or parent's
> previous country of nationality or country of last
> habitual residence; and
>
> (iii)  in whose case the Secretary of Homeland Security
> consents to the grant of special immigrant juvenile
> status, except that –
>
> > (I)    no juvenile court has jurisdiction to
> > determine the custody status or placement of
> > an alien in the custody of the Secretary of

4

Health and Human Services unless the Secretary of Health and Human Services specifically consents to such jurisdiction; and

(II)     no natural parent or prior adoptive parent of any alien provided special immigrant status under this subparagraph shall thereafter, by virtue of such parentage, be accorded any right, privilege, or status under this Act[.]

13.     Under Section 205 of the INA, "The Secretary of Homeland Security may, at any time, for what he deems to be good and sufficient cause, revoke the approval of any petition approved by him under Section 204.  Such revocation shall be effective as of the date of approval of any such petition."

14.     Under C.F.R. 8 Section 205.2(a), "Any Service officer authorized to approve a petition under Section 204 of the Act may revoke the approval of that petition upon notice to the petitioner on any ground other than those specified in 205.1 when the necessity for the revocation comes to the attention of this Service."

**FACTUAL BACKGROUND**

15.     Mr. Cabrera entered the United States on August 6, 2012.

16.     On December 8, 2014, Mr. Cabrera obtained SIJ Factual Findings in the Circuit Court of Maryland for Prince George's County pursuant to Section 101 (a)(27)(J) of the Immigration and Nationality Act ("INA"), 8 U.S.C. 1101(a)(27)(J), and 8 C.F.R. 204.11(a). *See Court Orders* attached hereto as Ex. 1.

17.     SIJ applicants are required to petition for a visa utilizing Form I-360.  Mr. Cabrera's Form I-360 and supporting documents were completed and signed on December 8, 2014, and ready to be filed with USCIS on that date.

18.     However, as the USCIS accepts neither electronic filing nor hand delivery of I-360 petitions, Mr. Cabrera could only mail his paperwork by overnight mail to a

dropbox utilized by USCIS, which he did on December 8, 2014. *See Cover Letter and I-360 Application* attached hereto as Ex. 2 (other supporting documents omitted).

19.     USCIS received his petition on December 9, 2014.

20.     USCIS sent Mr. Cabrera a letter with a Notice Date of December 24, 2014, indicating that his I-360 petition was received and was in process. *See Receipt Notice* attached hereto as Ex. 3.

21.     The notice also designated his "Priority Date." As there are more applicants eligible for Permanent Resident Status than there are positions available, the Priority Date is used by the USCIS to designate an applicant's position on the waitlist to apply to become a Permanent Resident.

22.     Mr. Cabrera's I-360 petition was approved on April 24, 2015. *See Approval Notice* attached hereto as Ex. 4.

23.     Pursuant to Section 245 of the INA, Mr. Cabrera, having been notified that his Priority Date was reached, completed and sent his Form I-485, Application to Register Permanent Residence or Adjust Status, to USCIS. *See Cover Letter and Adjustment Application* attached hereto as Ex. 5 (supporting documents omitted).  It was received by USCIS on January 11, 2016. *See Receipt Notice* attached hereto as Ex. 6.

24.     No communication from the USCIS regarding the substance of Mr. Cabrera's I-360 petition was made after its filing on December 9, 2013, and the filing of his I-485, on January 11, 2016, except for its approval, received on April 24, 2015.

25.     On September 1, 2016, USCIS sent Mr. Cabrera a "Notice of Intent to Revoke" ("NOIR") his Special Immigrant Juvenile Petition. *See Revocation Notice* attached hereto as Ex. 7.  The date of the NOIR is 21 months after USCIS received Mr. Cabrera's I-360 Petition and 16 months after USCIS approved his I-360 Petition.

26.     The NOIR, pursuant to 8 C.F.R. 205.2(b), affords an applicant an opportunity

to rebut or submit evidence supporting reasons why the petition should not be

revoked.  As no additional evidence existed, Mr. Cabrera did not respond.

27.     On January 12, 2017, USCIS sent two decisions to Mr. Cabrera.  The first was

a revocation of his I-360 approval.  *See Revocation Order* attached hereto as Ex. 8.

The second was a denial of his I-485 application.  *See Denial Order* attached hereto

as Ex. 9.  This denial of his I-485 was based on the revocation of his I-360 approval.

28.     The revocation decision for the I-360 indicated that Mr. Cabrera could file a

notice of appeal within 15 days.  The denial decision for the I-485 indicated a 30-day

deadline for filing a Motion to Reopen or a Motion to Reconsider.

29.     On February 10, 2017, Mr. Cabrera filed a "Brief In Support of Appeal of

Revocation of I-360 Approval and Denial of Adjustment of Status," along with the

requisite fee as per the instructions contained in the denial of the I-485 application.

*See Respondent's Brief and filing fee* attached hereto as Ex. 10.

30.     On September 5, 2017, USCIS responded to Mr. Cabrera's Brief with a notice

that informed him his appeal to the I-360 was untimely despite being filed in

compliance with the I-485 rejection notice because it was filed outside of the deadline

contained in the I-360 rejection notice.  *See Rejection Notice* attached as Ex. 11.

USCIS also stated it lacked appellate jurisdiction over I-485 petitions based on SIJ

findings.

31.     USCIS has stripped Mr. Cabrera of his SIJ status and, therefore, he has no

grounds to apply for Permanent Resident status.

32.     No other administrative appeal is available to Mr. Cabrera.

**COUNT ONE (Violation of the Administrative Procedure Act)**

33.    Mr. Cabrera repeats, alleges and incorporates the foregoing paragraphs as if fully set forth herein.

34.    Mr. Cabrera has been aggrieved by agency action under the Administrative Procedure Act, 5 U.S.C. §§ 701 et seq.

35.    The documents Mr. Cabrera submitted with his I-360 petition established his entitlement to SIJ recognition by USCIS.

36.    Mr. Cabrera was prepared, immediately after receiving SIJ findings by a State Court on December 8, 2014, to submit his I-360 petition. He had ample time to do so either electronically or in person on that date. However, Defendants' own rules make such filings impossible. Therefore, he had to resort to mail service resulting in the petition being received and filed on December 9, 2014.

37.    Defendants, due to an exercise of discretion, error, or some other reason, chose to approve Mr. Cabrera's I-360 petition, even though they had full knowledge of the filing date of his petition. Defendants were in possession of his petition for four months before it was approved. Defendants were in possession of his petition for nearly nine additional months after approval and before filing of the I-485 and took no action. Defendants waited an additional eight months after he filed his I-485 before they informed him of their intent to revoke his I-360 approval.

38.    Defendants' Notice of Intent to Revoke Mr. Cabrera's I-360 approval after he filed his I-485 petition satisfied neither the "good and sufficient cause," requirement under § 204 of the INA, nor the "necessity" ground, under 8 C.F.R. §205.2, as defendants do not allege any act on the part of Mr. Cabrera that would have warranted a revocation. Instead, defendants point to their own arbitrary authority to revoke a

decision that could have revoked in the intervening time before Mr. Cabrera filed his I-485.

39.     After the I-485 was filed, Mr. Cabrera treated the I-360 approval as pendant to the I-485 in a case such as this, where the revocation was made arbitrarily and capriciously.  Therefore, he was correct to either, 1) file his Brief In Support of Appeal of Revocation of I-360 Approval and Denial of Adjustment of Status with the I-485 deadline of 30 days, or, alternatively, 2) agree to the Defendants' lack of jurisdiction over his I-485 and admit that filing the foregoing brief was unnecessary. In either case, he was not bound by the 15-day deadline as set forth under 8 C.F.R. §§103.8(b), 205.2(d).

40.     Defendants acted arbitrarily, capriciously, and contrary to law, in violation of the Administrative Procedure Act by revoking Mr. Cabrera's I-360 approval, both because: 1) Mr. Cabrera's failure to submit the I-360 application prior to his 21st birthday was solely cause by defendants' unreasonable filing requirements as set forth in the brief labeled Exhibit "10"; and, 2) because the time elapsed between approval and revocation was unreasonable.

41.     Mr. Cabrera has exhausted all administrative remedies available to him as of right.

42.     Mr. Cabrera has no other recourse to judicial review other than by this action.

WHEREFORE, Plaintiff prays that this Court:

A.     Declare Defendants' unreasonable filing requirements for I-360 applications to be a Violation of the Administrative Procedure Act.

B.     Declare Defendants' revocation of Marvin Yovany Cabrera Cabrera's I-360 application to be in violation of the Administrative Procedure Act.

C.      Declare that Marvin Yovany Cabrera Cabrera meets the definition of a Special

Immigrant Juvenile pursuant to §101(a)(27)(J) of the Immigration and Nationality

Act.

D.      Order Defendant USCIS to immediately reopen and approve Marvin Yovany

Cabrera Cabrera's I-360 application.

E.      Order Defendant USCIS to immediately reopen and adjudicate Marvin

Yovany Cabrera Cabrera's I-485 application.

F.      Grant attorneys' fees and costs pursuant to 28 U.S.C. §2412, 28 U.S.C. §1920,

Fed. R. Civ.P. 54(d) and other authority; and

G.      Grant any other relief the Court deems appropriate and just.

**COUNT TWO (Violation of the Equal Protection and Due Process Clauses of the**

**United States Constitution)**

43.      Mr. Cabrera repeats alleges, and incorporates the foregoing paragraphs as if

fully set forth herein.

44.     The Fifth Amendment to the United States Constitution guarantees due

process and equal protection of the laws.

45.     The United States Constitution grants every person within its jurisdiction,

including Mr. Cabrera, a right to equal protection of the laws.  Aliens who are

territorially present in the jurisdiction are considered persons protected by the Fifth

and Fourteenth Amendment Due Process Clauses.

46.     The Equal Protection guarantee of the United States Constitution forbids

different treatment of similarly situated persons without an adequate justification for

different treatment.

47.     Certain immigration applicants, including those listed at

https://www.uscis.gov/file-online, have the ability to electronically file applications.

Applicants for SIJS, however, do not.  The failure to provide SIJS applicants the same

right to make online filings—or to make accommodations which provide equal access

for SIJS applicants—violates both the Fifth and Fourteenth Amendment.

48.     Applicants who are granted I-360 approval for a time in excess of 20 months

and who have filed a Form I-485 are similarly situated for purposes of Equal

Protection and Due Process guarantees.

49.     Defendants lack an adequate justification for holding Mr. Cabrera to different

filing requirements than other immigration applicants.

WHEREFORE, Plaintiff prays that this Court:

A.     Declare that the arbitrary revocation of approved I-360 applications 20 months

after their approval and after the filing of Form I-485 violates the Equal Protection

guarantee of the Fifth Amendment of the United States Constitution.

B.     Declare that the arbitrary revocation of Marvin Yovany Cabrera Cabrera's

approved I-360 application 20 months after its approval and after the filing of his

Form I-485 violates the Due Process guarantee of the Fifth Amendment of the United

States Constitution.

C.  Declare that Marvin Yovany Cabrera Cabrera meets the definition of a Special

Immigrant Juvenile pursuant to §101(a)(27)(J) of the Immigration and Nationality

Act.

D.     Order Defendant USCIS to immediately reopen and approve Marvin Yovany

Cabrera Cabrera's I-360 application.

E.     Order Defendant USCIS to immediately reopen and adjudicate Marvin

Yovany Cabrera Cabrera's I-485 application.

F.      Grant attorneys' fees and costs pursuant to 28 U.S.C. §2412, 28 U.S.C. §1920,

Fed. R. Civ.P. 54(d) and other authority; and

G.      Grant any other relief the Court deems appropriate and just.

Respectfully submitted,

**ABOD & CARUSO, LLC**


_/s/ Aaron R. Caruso_____
Aaron R. Caruso, Esquire
Bar # 11599
2200A University Blvd W
Wheaton, MD 20902
(T) (202) 462-9701
(F) (202) 609-9921
Arc@AbodCarusoLaw.com
Attorney for Plaintiff