**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| MARVIN YOVANY CABRERA CABRERA | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | )    Case No. 18-cv-01602 (APM) |
| | ) |
| UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, et al., | ) ) ) |
| Defendants. | ) ) ) |

## MEMORANDUM OPINION AND ORDER

## I.     INTRODUCTION

On January 12, 2017, Defendant U.S. Citizenship and Immigration Services ("USCIS") revoked Plaintiff Marvin Yovany Cabrera Cabrera's previously approved Form I-360 visa petition for special immigrant juvenile status. USCIS determined that Plaintiff was not eligible for special immigrant juvenile status because he filed his Petition *on the day of* his 21st birthday, instead of *before* his 21st birthday, as required by the agency's regulations. Plaintiff brings this action challenging the revocation of his I-360 Petition under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701 et seq., and the Equal Protection and Due Process Clauses of the United States Constitution.

Defendants move to dismiss Plaintiff's Complaint both for lack of subject matter jurisdiction and for failure to state a claim. As to subject matter jurisdiction, Defendants argue that this court lacks the power to review agency decisions revoking I-360 Petitions because such actions are discretionary and specifically excluded by statute from judicial review. As for failure

to state a claim, Defendants maintain that Plaintiff has not adduced facts that render it plausible that the agency's action was arbitrary and capricious. Defendants also point out that the court lacks jurisdiction as to Plaintiff's constitutional claims, which must be raised directly with the D.C. Circuit.

The court grants Defendants' Motion to Dismiss in part and denies it in part. The court lacks jurisdiction over Plaintiff's APA claim insofar as he alleges that the revocation of his Petition was arbitrary and capricious because the agency unreasonably delayed in taking such action. The court, however, has jurisdiction to review Plaintiff's challenge to the reasonableness of USCIS's regulations on filing petitions seeking special immigrant juvenile status and the implementation of those regulations. Finally, with respect to Plaintiff's constitutional claims, the court defers to Plaintiff as to whether those claims should be transferred now or later to the D.C. Circuit for review.

## II. BACKGROUND

### A. Legal Background

Section 204(a)(l)(G) of the Immigration and Naturalization Act ("INA") allows persons qualifying for Special Immigrant Juvenile ("SIJ") status to obtain a residency visa and eventually seek lawful permanent residence. *See* 8 U.S.C. § 1154(a)(1)(G)(ii). Section 101(a)(27)(J) of the INA defines an SIJ as:

> (J) an immigrant who is present in the United States—
>
>> (i) who has been declared dependent on a juvenile court located in the United States or whom such a court has legally committed to, or placed under the custody of, an agency or department of a State, or an individual or entity appointed by a State or juvenile court located in the United States, and whose reunification with 1 or both of the immigrant's parents is not viable due to abuse, neglect, abandonment, or a similar basis found under State law;

2

(ii) for whom it has been determined in administrative or judicial proceedings that it would not be in the alien's best interest to be returned to the alien's or parent's previous country of nationality or country of last habitual residence; and

(iii) in whose case the Secretary of Homeland Security consents to the grant of special immigrant juvenile status, except that—

> (I) no juvenile court has jurisdiction to determine the custody status or placement of an alien in the custody of the Secretary of Health and Human Services unless the Secretary of Health and Human Services specifically consents to such jurisdiction; and

> (II) no natural parent or prior adoptive parent of any alien provided special immigrant status under this subparagraph shall thereafter, by virtue of such parentage, be accorded any right, privilege, or status under this chapter;

8 U.S.C. § 1101(a)(27)(J). Essentially, the statute requires that anyone seeking SIJ status must have first been the subject of a local juvenile court order indicating that (1) he is a dependent of that court, (2) that reunification with one or both parents is not viable "due to abuse, neglect, abandonment, or a similar basis," and (3) that return to his home country is not in his best interest.

Satisfying the INA's definition of Special Immigrant Juvenile does not, however, by itself make one eligible for residency status. USCIS Regulations impose additional requirements. Those Regulations provide:

> An alien is eligible for classification as a special immigrant under section 101(a)(27)(J) of the Act if the alien:

> (1) Is under twenty-one years of age;

> (2) Is unmarried;

> (3) Has been declared dependent upon a juvenile court located in the United States in accordance with state law governing such declarations of dependency, while the alien was in the United States and under the jurisdiction of the court;

(4) Has been deemed eligible by the juvenile court for long-term foster care;

(5) Continues to be dependent upon the juvenile court and eligible for long-term foster care, such declaration, dependency or eligibility not having been vacated, terminated, or otherwise ended; and

(6) Has been the subject of judicial proceedings or administrative proceedings authorized or recognized by the juvenile court in which it has been determined that it would not be in the alien's best interest to be returned to the country of nationality or last habitual residence of the beneficiary or his or her parent or parents; or

(7) On November 29, 1990, met all the eligibility requirements for special immigrant juvenile status in paragraphs (c)(1) through (c)(6) of this section, and for whom a petition for classification as a special immigrant juvenile is filed on Form I-360 before June 1, 1994.

8 C.F.R. § 204.11(c).

For purposes of this case, the key requirement is that the applicant be "under twenty-one years of age." 8 C.F.R. § 204.11(c)(1). As with all eligibility criteria, the applicant must meet this age requirement "at the time of filing the benefit request." 8 C.F.R. § 103.2(b)(1). An application is considered "filed," per the Regulations, on "the date it is properly filed and received by USCIS." 8 C.F.R. § 204.1(b).

## B.    Factual Background

Plaintiff Cabrera Cabrera is a national of El Salvador, born December 9, 1993. Compl., ECF No. 1 [hereinafter Compl.], ¶ 6. Plaintiff last entered the United States on August 6, 2012. *See id.* According to Plaintiff, he "attempted to schedule a Court hearing in the Circuit Court for Prince George's County, Maryland," to secure the necessary juvenile-court certification for an I-360 Petition, "but the first available date was the day before Petitioner turned 21 years of age."

Compl., ECF No. 1-11, Pl.'s Ex. 10 [hereinafter Pl.'s Appeal Br.], at 3.[1]  That date was December 8, 2014.  Plaintiff attended the hearing, and on December 8, 2014, the Circuit Court of Maryland for Prince George's County issued an order making the requisite findings that Plaintiff was a dependent of the court, that Plaintiff's reunification with his father was not viable, and that it was not in Plaintiff's best interest to return to El Salvador.  Comp. ¶ 16; Compl., Order Regarding Minor Child's Eligibility for Special Immigrant Juvenile Status, ECF No. 1-2.  Immediately upon receiving this order, Plaintiff's counsel completed and sent his application for I-360 status by overnight mail to the USCIS Dropbox in Chicago, Illinois.  Pl.'s Appeal Br. at 3.  USCIS does not allow I-360 Petitions to be hand-delivered or filed electronically.  Comp. ¶ 18.  Plaintiff concedes that USCIS did not receive his I-360 Petition until December 9, 2014, the very day he turned 21 years old.  Comp. ¶ 19.

On December 24, 2014, USCIS sent Plaintiff a Receipt Notice acknowledging that his I-360 Petition had been received on December 9, 2014, and assigning this date as his priority date. *See* Compl., ECF No. 1-4, Pl.'s Ex. 3.  Four months later, on April 24, 2015, USCIS approved Plaintiff's I-360 petition, despite Plaintiff not being age-qualified under the agency's Regulations. Comp. ¶ 22.  Based on this approval, Plaintiff completed and submitted his I-485 Application to Register Permanent Residence or Adjust Status, which was received by USCIS on January 11, 2016.  *Id.* ¶ 23; Compl., ECF No. 1-7, Pl.'s Ex. 6.

On September 1, 2016, a little more than 16 months after approving his I-360 Petition, USCIS sent Plaintiff a "Notice of Intent to Revoke" ("NOIR") his SIJ Petition approval.  Compl. ¶ 25; Compl., ECF No. 1-8, Pl.'s Ex. 7 [hereinafter NOIR].  The NOIR explained that Plaintiff was 21 years old on the date his application was filed and therefore he did not qualify for special

---

[1] The court uses ECF pagination when referencing filings in this matter.

juvenile status under 8 C.F.R. § 204.11(c). *Id.* at 2. The NOIR notified Plaintiff that he had 30 days from receipt of the NOIR "to rebut and/or submit evidence supporting why [his] petition should not be revoked." *Id.* The NOIR further indicated that "[i]f no response is received within [the 30-day] period the petition will be revoked as indicated." *Id.* Plaintiff admits that he did not respond, as he concedes "no additional evidence existed." Compl. ¶ 26.

On January 12, 2017, USCIS sent Plaintiff its decision to revoke his approved I-360 Petition, Compl. ¶ 27; Compl., ECF No. 1-9, Pl.'s Ex. 8, as well as its decision to deny his I-485 application based on the revocation of his I-360 approval, Compl. ¶ 27; Compl., ECF No. 1-10, Pl.'s Ex. 9. Plaintiff was given a 15-day response period for the I-360 revocation and a 30-day response period for the I-485 denial. Between the 15-day and 30-day time limits, on February 10, 2017, Plaintiff filed a "Brief In Support of Appeal of Revocation of I-360 Approval and Denial of Adjustment of Status." Compl. ¶ 29. On September 5, 2017, USCIS notified Plaintiff that his appeal was untimely based on his failure to respond with the 15-day deadline imposed for his I-360 revocation, notwithstanding the timeliness of his appeal under the 30-day deadline for his I-485 denial. Compl. ¶ 30; Compl., ECF No. 1-12, Pl.'s Ex. 11.

### C.    Procedural History

On July 6, 2018, Plaintiff filed the instant suit against the Secretary of the Department of Homeland Security; the Director of USCIS; the Chief of the Administrative Appeals Unit; and the Field Office Director of the Virginia-Washington Field Office of USCIS. His Complaint advances two claims. First, he alleges that Defendants violated the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701 et seq., by arbitrarily and capriciously revoking Plaintiff's I-360 Petition based on (1) the maintenance of "unreasonable filing requirements for I-360 applications" and (2) "the time elapsed between approval and revocation was unreasonable." Compl. ¶ 40. Second, Plaintiff

claims that Defendants violated his constitutional rights of Equal Protection and Due Process by allowing "[c]ertain immigration applicants, including those listed at https://www.uscis.gov/file-online," to electronically file applications whereas SIJ applicants cannot.  Compl. ¶¶ 47–49.

On October 9, 2018, Defendants filed a Motion to Dismiss Plaintiff's Complaint in its entirety for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted.  Defs.' Mot. to Dismiss, ECF No. 6 [hereinafter Defs.' Mot.].

## III.  LEGAL STANDARD

### A.  Rule 12(b)(1)

Defendants' motion to dismiss for lack of subject-matter jurisdiction arises under Federal Rule of Civil Procedure 12(b)(1).  *See* Fed. R. Civ. P. 12(b)(1).  When deciding a motion under Rule 12(b)(1), a court must accept all well-pleaded factual allegations in the complaint as true. *See Jerome Stevens Pharm., Inc. v. Food & Drug Admin.*, 402 F.3d 1249, 1253–54 (D.C. Cir. 2005).  In addition, the court may consider "such materials outside the pleadings as it deems appropriate to resolve the question whether it has jurisdiction to hear the case."  *Scolaro v. D.C. Bd. of Elections & Ethics, et al.*, 104 F. Supp. 2d 18, 22 (D.D.C. 2000); *see Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 197 (D.C. Cir. 1992).  Specifically, when it is necessary to look beyond the face of the complaint to determine whether the court has subject matter jurisdiction, "the court may consider the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts."  *Coal. for Underground Expansion v. Mineta*, 333 F.3d 193, 198 (D.C. Cir. 2003) (internal quotation marks and citation omitted).  The plaintiff bears the burden of establishing the court's subject matter jurisdiction.  *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992).

**B.	Rule 12(b)(6)**

Defendants' alternative ground for dismissal for "failure to state a claim upon which relief can be granted" arises under Rule 12(b)(6).  Fed. R. Civ. P. 12(b)(6).  To survive a motion to dismiss brought under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  The factual allegations in the complaint need not be "detailed," but Rule 8's pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Id.* (internal quotation marks omitted).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*  If the facts as alleged are not "enough to raise a right to relief above the speculative level," then a court should grant the defendant's Rule 12(b)(6) motion. *Hettinga v. United States*, 677 F.3d 471, 476 (D.C. Cir. 2012).

In evaluating a motion to dismiss under Rule 12(b)(6), the court must accept a plaintiff's "factual allegations . . . as true," *Harris v. D.C. Water & Sewer Auth.*, 791 F.3d 65, 67 (D.C. Cir. 2015), and "construe the complaint 'in favor of the plaintiff, who must be granted the benefit of all inferences that can be derived from the facts alleged,'" *Hettinga*, 677 F.3d at 476 (quoting *Schuler v. United States*, 617 F.2d 605, 608 (D.C. Cir. 1979)).  The court need not accept as true, however, "a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or "inferences . . . unsupported by the facts set out in the complaint," *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994).

## IV. ANALYSIS

### A. Subject-Matter Jurisdiction

Defendants assert that the court lacks subject matter jurisdiction in this case by operation

of the INA's jurisdiction-stripping clause. As pertinent here, that statutory provision provides:

> (B) **Denials of discretionary relief.** Notwithstanding any other provision of law (statutory or nonstatutory), . . . no court shall have jurisdiction to review—
>
> > (i) any judgment regarding the granting of relief under section 1182(h), 1182(i), 1229b, 1229c, or 1255 of this title, or
> >
> > (ii) any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security, other than the granting of relief under section 1158(a) of this title.

8 U.S.C. § 1252(a)(2)(B). Defendants rely on subsection (ii), arguing that revoking Plaintiff's I-

360 Petition qualifies as "any other decision or action of . . . the Secretary of Homeland Security

the authority for which is specified under this subchapter to be in the discretion of the . . . Secretary

of Homeland Security." Defendants point to 8 U.S.C. § 1155 as the source of the Secretary's

discretionary action here, which provides: "The Secretary of Homeland Security may, at any time,

for what he deems to be good and sufficient cause, revoke the approval of any petition approved

by him under section 1154 of this title." 8 U.S.C. § 1155.

Plaintiff disputes that the jurisdiction-stripping provision applies in this case. He argues

that where, as here, "the government contends that the result was compelled by rule without the

need for any exercise of discretion," then section 1155 does not provide a jurisdictional bar. Pl.'s

Opp'n to Defs.' Mot, ECF No. 7 [hereinafter Pl.'s Opp'n], at 3. The result "compelled" by rule in

this case, Plaintiff claims, is the revocation of his Petition because he was not "under twenty-one

years of age" on the date USCIS received it.

The D.C. Circuit has not yet opined on whether revocations pursuant to section 1155 are unreviewable acts of discretion by the Secretary of Homeland Security. Defendants are correct that a majority of circuits that have examined the issue have held that section 1155 renders petition revocations unreviewable. *See* Defs.' Mot. at 4–5 (citing *Bultasa Buddhist Temple of Chicago v. Nielsen*, 878 F.3d 570, 573–74 (7th Cir. 2017); *Bernardo* ex rel. *M & K Eng'g, Inc. v. Johnson*, 814 F.3d 481, 482 (1st Cir. 2016); *Mehanna v. U.S. Citizenship & Immigration Servs.*, 677 F.3d 312, 314–15 (6th Cir. 2012); *Green v. Napolitano*, 627 F.3d 1341, 1344–46 (10th Cir. 2010); *Abdelwahab v. Frazier*, 578 F.3d 817, 821 (8th Cir. 2009); *Sands v. U.S. Dep't of Homeland Sec.*, 308 Fed. Appx. 418, 419–20 (11th Cir. 2009); *Ghanem v. Upchurch*, 481 F.3d 222, 223–24 (5th Cir. 2007); *Jillin Pharm. USA, Inc. v. Chertoff*, 447 F.3d 196, 205–06 (3d Cir. 2006); *El-Khader v. Monica*, 366 F.3d 562, 566 (7th Cir. 2004)). Those cases have focused on Congress's use of the terms "may," "at any time," and "deems" in section 1155 to conclude that petition revocations are judicially unreviewable. *See, e.g., Jillin Pharm. USA*, 447 F.3d at 205–06. Two cases from this District have followed the majority approach. *See Mohammad v. Napolitano*, 680 F. Supp. 2d 1, 6 (D.D.C. 2009); *see also Systronics Corp. v. Immigration and Naturalization Serv.*, 153 F. Supp. 2d 7, 12 (D.D.C. 2001) ("In the absence of any factual standards to discern when the Attorney General has 'good and sufficient cause' to revoke a petition, this Court finds that matter to be in the discretion of the Attorney General and unreviewable."). Only the Ninth Circuit has found that courts may review permit revocations, finding that the phrase "good and sufficient cause" in section 1155 provides a standard for judicial review. *See ANA Int'l, Inc. v. Way*, 393 F.3d 886 (9th Cir. 2004).

As Plaintiff points out, however, none of the above-identified cases concern the situation presented in this case, namely, where USCIS's revocation is rooted in a requirement that involves

little or no exercise of judgment—Plaintiff was not "under twenty-one years of age" at the time of filing—as opposed to one in which the agency exercises some judgment about eligibility criteria. *See, e.g., Jillin Pharm. USA*, 447 F.3d at 198 (revocation decision based on finding that the petitioner was not working in an executive or managerial capacity); *Bernardo*, 814 F.3d at 483 (revocation decision based on insufficient work qualifications). As Plaintiff puts it, "where the government contends that the result was compelled by rule without the need for any exercise of discretion, there is no bar on jurisdiction." Pl.'s Opp'n at 3.

Ultimately, the court need not determine whether the distinction Plaintiff attempts to draw is one of legal consequence because Plaintiff's APA claim does not rest on whether the agency correctly determined that he was "under twenty-one years of age" at the time the agency received his Petition. Instead, Plaintiff makes two different challenges under the APA, neither of which involves questioning the agency's determination of Plaintiff's age at the time of filing. First, he contests "defendants' unreasonable filing requirements" for I-360 applications. Compl. ¶ 40. Specifically, he questions "USCIS' filing rules which do not permit same day hand or electronic delivery." Pl.'s Appeal Br. at 4.[2] Plaintiff avers that he "had ample time to [file his I-360 Petition] either electronically or in person on [the date he received his state court order]. However, Defendants' own rules make such filings impossible." Compl. ¶ 36. Second, Plaintiff avers that the agency acted arbitrarily and capriciously "because the time elapsed between approval and revocation was unreasonable." *Id.* ¶ 40. He points out that, even though the agency knew he was

---

[2] Plaintiff's Complaint challenges the "unreasonable [I-360] filing requirements as set forth in the brief labeled Exhibit 10." Compl. ¶ 40. Exhibit 10 to Plaintiff's Complaint is his "Brief in Support of Appeal of Revocation of I-360 Approval and Denial of Adjustment of Status." *See* Pl.'s Appeal Br. It is in that Brief that Plaintiff complains about "USCIS' filing rules which do not permit same day hand or electronic filing." *Id.* at 2; *see also id.* (arguing that "Petitioner should not be prejudiced by the archaic administrative procedure which does not permit same day filing").

21 years of age on the day he filed his I-360 Petition, Defendants initially approved the Petition, only to revoke it 16 months later. *See id.* ¶ 37.

As explained below, the court concludes that it has jurisdiction to hear Plaintiff's challenge to the agency's "unreasonable filing requirements," but not the agency's "unreasonable" delay in revoking the Petition.

### 1. *"Unreasonable Filing Requirements"*

As noted, Defendants rely on section 1252(a)(2)(B)(ii) as barring jurisdiction over USCIS's decision of revocation. *See* Defs.' Mot. at 4. That provision forecloses review of "discretionary" acts of the Secretary of Homeland Security "the authority for which is specified under *this subchapter.*" 8 U.S.C. § 1252(a)(2)(B)(ii) (emphasis added). The referenced "subchapter" is Subchapter II of Title 8, Chapter 12, entitled "Immigration." Subchapter II contains nine Parts, covering a range of subjects, including "Admission Qualifications for Aliens" (Part II), "Issuance of Entry Documents" (Part III), and "Adjustment and Change of Status" (Part V).

Subchapter II does not, however, contain Congress's delegation of authority to the Secretary to promulgate regulations necessary to carry out his functions under the INA. That congressional delegation is found elsewhere, in Subchapter I. Section 1103(a) charges the Secretary of Homeland Security "with the administration and enforcement of this chapter and all other laws relating to the immigration and naturalization of aliens," except as otherwise provided by statute. 8 U.S.C. § 1103(a)(1). Congress granted the Secretary broad authority to "establish such regulations . . . [and] issue such instructions . . . as he deems necessary for carrying out his authority under the provisions of this chapter." *Id.* § 1103(a)(3). It is pursuant to this delegation of authority that the Secretary promulgated the Regulations governing eligibility for special

immigrant juvenile status and the date on which eligibility is determined. And it is this constellation of regulations, and the agency's implementation of them, that Plaintiff claims is arbitrary and capricious. Nothing in section 1252(a)(2)(B)(ii) forecloses review of such agency action.

There exists a "strong presumption that Congress intends judicial review of administrative action." *Bowen v. Mich. Acad. of Family Physicians*, 476 U.S. 667, 670 (1986). Defendants point to no statutory provision that would foreclose the court's jurisdiction to review the applicable regulations and their implementation. Without any statutory bar, there is nothing to preclude this court's review of this aspect of Plaintiff's APA claim.[3]

### 2.       *"Unreasonable" Delay*

The court reaches a different conclusion with respect to Plaintiff's assertion that USCIS violated the APA because of the "unreasonable" delay in revoking his Petition. The court lacks subject matter jurisdiction to review that claim. Section 1155 empowers the Secretary to "revoke the approval of any petition" "*at any time*." 8 U.S.C. § 1155 (emphasis added). Congress therefore placed no time limitation on the Secretary's ability to revoke a previously approved petition. Given the unlimited discretion afforded the Secretary as to the timing of a revocation decision, review of the "reasonableness" of the time it took the Secretary to revoke Plaintiff's Petition falls squarely outside the court's jurisdiction. Accordingly, the court cannot review the temporal aspect of Plaintiff's APA claim.

---

[3] It may be that the court's review of the type of agency regulations at issue here is circumscribed. *See Am. Farm Lines v. Black Ball Freight Serv.*, 397 U.S. 532, 539 (1970); *Lopez v. FAA*, 318 F.3d 242, 247 (D.C. Cir. 2003); *Ngure v. Ashcroft*, 367 F.3d 975, 983 (8th Cir. 2004) ("[W]here a procedural rule is designed primarily to benefit the agency in carrying out its functions, judicial review may be circumscribed.") (citing *Am. Farm Lines*, 397 U.S. at 539). However, neither party has addressed this issue and therefore the court does not consider it, leaving it for resolution on summary judgment.

**B.     Failure to State a Claim**

Defendants also argue that Plaintiff's Complaint fails to state a claim upon which relief can

be granted, under Fed. R. Civ. P. 12(b)(6), "by failing to provide evidence that [Plaintiff] was

indeed eligible for I-360 SIJ status at the time his petition was filed." Defs.' Mot. at 6. Essentially,

Defendants' argument hinges on the contention that a "petitioner must meet all of the requirements

of 8 C.F.R. § 204.11(c), including the age restriction" because "[s]uch requirements are

mandatory," Defs.' Mot. at 7, but "Plaintiff has not offered any factual evidence to refute" that he

had reached the age of 21 at the time that his petition was considered filed, *id.* at 8.

This argument, however, misconstrues the nature of Plaintiff's claim, or at least the one

that the court can review.   Put succinctly, Plaintiff alleges that USCIS acted arbitrarily and

capriciously by affording him no means by which to timely file his Petition on the day before his

21st birthday, when he received the necessary certification from the juvenile court.  To bolster that

claim, Plaintiff seems to suggest different treatment from similarly situated applicants.  He alleges,

for instance, that USCIS offers same-day electronic filing for other types of Petitions, but not I-

360 Petitions.  Compl. ¶ 47.  Such an allegation of disparate treatment makes out a plausible APA

claim.  *Cf. Regents of the Univ. of California v. Burwell*, 155 F. Supp. 3d 31, 53 (D.D.C. 2016),

aff'd sub nom. *Regents of the Univ. of California v. Price*, 681 F. App'x 5 (D.C. Cir. 2017)

("disparate treatment of similarly situated entities may give rise to a valid APA challenge")

(internal quotation marks and citation omitted).  Defendants may be able to successfully defend

the regulations and paper-filing system required for I-360 petitions in the final analysis, but the

motion to dismiss stage is not the proper procedural posture at which to make that determination.

The court therefore denies Defendants' Motion to Dismiss for failure to state a claim.

## C.	Constitutional Claims

Plaintiff's Complaint also advances claims under the Equal Protection and Due Process Clauses on the theory that his inability to file electronically, when other applicants are able to do so, gives rise to a constitutional violation. *See* Compl. ¶¶ 43–49. Defendants assert that this court lacks jurisdiction to consider these claims. *See* Defs.' Mot. at 6. They are correct.

Under the INA, jurisdiction to review constitutional claims rests exclusively in the circuit courts of appeal. The Act provides:

> **Judicial review of certain legal claims.** Nothing in subparagraph (B) or (C), or in any other provision of this chapter (other than this section) which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed *with an appropriate court of appeals* in accordance with this section.

8 U.S.C. § 1252(a)(2)(D) (emphasis added). As applied here, this provision makes it clear that Plaintiff's constitutional challenges to his I-360 Petition revocation can be heard only by the D.C. Circuit. *See Adam v. Chertoff*, No. CIVA 05-1710 RMC, 2006 WL 3334962, at *2 (D.D.C. Nov. 16, 2006) ("Judicial review of the denial of an [I-485 Petition] is precluded, except upon petition for review filed with a court of appeals. 8 U.S.C. § 1252(a)(2)(D). Even then, such review is limited to constitutional claims or questions of law.").[4]

Rather than dismiss the claims, Plaintiff urges that "it would be more appropriate to transfer the constitutional claims to the court of appeals." Pl.'s Opp'n at 6. The court is inclined to grant the requested transfer but is unclear on whether Plaintiff wishes to transfer the claims now or after

---

[4] In their Reply brief, Defendants offer a substantive response to Plaintiff's constitutional claims, arguing that they have a rational basis for treating I-360 Petitions differently from other immigration petitions based on the "substantial infrastructure and resources that would be required for the creation of an electronic environment for I-360 petitions, and to ensure the proper filtering of I-360s." Defs.' Reply Brief, ECF No. 9, at 8–10. The court does not consider this argument, as only the D.C. Circuit can address it.

this court has resolved his APA claim. Plaintiff shall be prepared to address this question at the status hearing set below.

## V.     CONCLUSION AND ORDER

For the reasons outlined above, the court grants in part and denies in part Defendants' Motion to Dismiss as to Plaintiff's APA claim, and holds Plaintiff's constitutional claims in abeyance. The parties shall appear for a status conference on April 10, 2019, at 11:00 a.m. in Courtroom 10.

Dated: March 14, 2019

_____
Amit P. Mehta
United States District Judge